UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TEXTRON, INC. SECURITIES LITIGATION | 19-CV-7881 (DLC)<br><br>**STIPULATION AND [PROPOSED] DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action (the "Action") is likely to involve the disclosure of confidential information, the Parties[1] having agreed to the following terms, and having due regard to the submission by the Parties regarding the need for protection of confidential information, it is hereby **ORDERED** as follows:

### I. Information That May Be Designated Confidential

1. Any Party to this Action and any non-party, as described in Section II below, shall have the right to designate as "Confidential," and subject to this Discovery Confidentiality Order (the "Order"), any "Information," including, but not limited to, any document, electronic or computerized data compilation, deposition testimony or exhibit, interrogatory response, response to requests for admission, or any other materials, or portion of such Information that the party reasonably and in good faith believes contains information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. Any copies or reproductions, excerpts, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of Confidential Information shall also be Confidential Information in accordance with this Order.

3. Information that has previously been disclosed or is otherwise available through

---

[1] "Parties" or "Party" refer collectively and individually to Lead Plaintiff IWA Forest Industry Pension Plan ("Plaintiff"), and Defendants Textron Inc., Scott Donnelly, and Frank Connor ("Defendants").

1

alternative public means, Information that is in the public domain (which is already known by the receiving party through proper means), or Information which is or becomes available to a party through proper means from a source other than the party asserting confidentiality and who rightfully is in possession of such Information on a non-confidential basis shall not be deemed or considered to be Confidential Information under this Order.

## II. Designation of Discovery as Confidential

4. The provisions of this Order shall be binding throughout the litigation and shall apply to: (i) the Parties; (ii) their attorneys of record, including clerical, paralegal, and other staff employed by the attorneys, (iii) any other person who agrees to be bound by the terms of this Order; (iv) any person or entity who has been asked, or is otherwise required, whether by operation of a subpoena or otherwise, to produce documents and/or information in connection with this matter; and (v) all persons to whom Confidential Information is shown. Pending Court approval of this Order, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

5. Information may be designated as Confidential by any Party or by any non-party that has produced such Information within the meaning of this Order.

6. A non-party from whom Information is sought by the Parties may designate Information as Confidential consistent with the terms of this Order. Under such circumstances, Information designated Confidential by such non-party is assigned the same protections as Information designated Confidential by a Party and all duties applicable to a Party shall apply to such non-party designating Information as Confidential. All obligations applicable to a Party receiving such Confidential Information from another Party shall apply to any Party receiving such Confidential Information from a non-party.

7. <u>Confidential Designation</u>. Any Party to this Action or any non-party covered by

this Order shall have the right to designate, in good faith, as "Confidential" and subject to this Order any Information that contains commercially sensitive business information or sensitive personal or financial information, that is produced in this litigation, except that Confidential Information shall not include any information which is in the public domain. Any Party to this Action, and any non-party covered by this Order, who produces or discloses any Confidential Information, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." The Parties shall determine how such designation be made for electronically stored information.

8. Any Party may, in good faith, seek to designate information on a document-by-document or testimonial line-by-line basis as "Highly Confidential" commercially sensitive business information or confidential highly sensitive personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating Party. The designating Party shall serve upon counsel for the receiving party a written notice stating with particularity the grounds for the request and indicating the categories of persons who will be allowed to access the materials. If the non-designating Party objects to such designation, the non-designating Party must provide its reasoning in writing, and then meet and confer with the designating Party concerning the designation and who may have access to the information. If the meet and confer process fails to resolve the matter, the Parties will seek assistance from the Court, during which time access to the information or documents shall be limited to the individuals set forth below in Paragraph 13(a).

9. With respect to any deposition that involves a disclosure of Confidential Information, such Party shall have until sixty (60) days after receipt of the deposition transcript to inform all other Parties that portions of the transcript are to be designated Confidential, which shall

3

include the further limiting Highly Confidential designation where appropriate. This period may be extended by agreement of the Parties. No deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 13 below until the Confidential designation(s) have been made or 60 days have transpired, whichever comes first, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 13 below during said sixty (60) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 13.

10. This Order does not govern the use of Confidential Information at trial. Prior to trial, the Parties shall meet and confer on the use of Confidential Information at trial and shall address procedures governing such use in the proposed pre-trial order.

11. If any Party or non-party contends that it inadvertently produced Information without marking it with the appropriate confidentiality designation, or inadvertently produced Information with an incorrect confidentiality designation, the producing or designating party may give written notice to the receiving party (or parties), including appropriately stamped substitute copies of the Information. Within ten (10) business days of receipt of the substitute copies, the receiving party shall make commercially reasonable efforts to delete and replace the incorrectly designated Information, and all copies thereof, with the newly designated Information and to destroy the incorrectly designated Information. In addition, to the extent such information may have been disclosed by the receiving party to anyone not authorized to receive Information pursuant to this Order, the receiving party shall make commercially reasonable efforts to retrieve the information promptly and to avoid any further disclosure. The failure to advise the receiving

4

party of such inadvertent disclosure promptly after discovery shall not constitute a waiver of any designation as Confidential Information or an admission by the producing party that such Information is not Confidential.

### III. Permissible Uses of Confidential Information

12. Except for information described in Paragraph 3, all information shared in discovery shall be used by the receiving Party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 13, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court.

13. Confidential Information shall be disclosed only to the following individuals under the following conditions:

   a. Attorneys of record in this Action, outside counsel (herein defined as any attorney at the Parties' outside law firms), relevant in-house counsel for the Parties, employees of such attorneys, including secretarial staff, paralegals, internal duplicating and data processing personnel.

   b. Outside experts or consultants retained by a Party or a Party's counsel in connection with this Action (herein "Qualified Persons"), provided such Qualified Persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. The Court and any appellate court to which this lawsuit is appealed and personnel of any such court subject to Paragraph 18;

   d. Mediators and arbitrators and their staff, as engaged by the Parties or appointed

    by the Court, except that they shall be required to sign Exhibit A;

e. Deponents in this Action, provided that such persons are not allowed to retain any documents or other material containing Confidential Information, and potential witnesses, whose deposition has been noticed and who signed the form attached hereto as Exhibit A.

f. In the event that a deponent otherwise required to sign Exhibit A refuses to do so, the deponent shall not be shown the Confidential Information and the deponent's deposition shall not be considered complete until the deposing party has had an opportunity to raise and resolve the issue with the Court;

g. Original authors or recipients of the documents containing Confidential Information. Any author or recipient receiving Confidential Information under this section shall be required to sign Exhibit A and shall only be shown documents that he or she authored or received;

h. Litigation support and electronic discovery vendors, copy services, data entry, and computer support services retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings (including, but not limited to: court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to the documents), except that they shall be required to sign Exhibit A;

i. The Parties, including in the case of Parties that are corporations or other business entities, the executives or individuals who participate in decisions with

    reference to this Action, and any insurance carriers, or their representatives, whose insurance coverage is implicated by or who are paying defense costs associated with this Action, except that they shall be required to sign Exhibit A; and

  j. Any other individual or entity to whom the producing Party agrees to grant access and signs Exhibit A.

14. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information, that Party must: (a) promptly notify in writing the designating Party and include a copy of the subpoena or court order; and (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and include a copy of this Order. If the designating Party promptly seeks a protective order, the Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

15. Nothing in this Order shall prevent a producing Party from using Confidential Information in any way that the producing Party so chooses.

## IV. Challenges to Confidential Designations

16. In the event that counsel for a Party deems it necessary to disclose any Confidential Information to any person not contemplated in Paragraph 13, counsel shall make a

7

request to counsel for the producing Party or non-party in writing or on the record in a deposition or proceeding before the Court, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party seeking to make the disclosure of the Confidential Information may move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. No disclosure shall be made until such motion is decided in favor of the movant.

17. If a Party objects to the designation of a document as Confidential under this Order, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating Party or designating non-party a written objection to such designation, which shall describe with particularity the documents or Information in question and shall state the grounds for objection. Counsel for the designating Party or non-party shall respond in writing to such objection within 10 business days, and shall state with particularity the grounds for asserting that the Information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to designation of Confidential Information cannot be resolved by agreement, the proponent of the challenged designation shall present the dispute to the Court initially by letter-motion, in accordance with Local Civil Rule 37.2 and Judge Cote's Individual Practices in Civil Cases § 2.C, before filing a

8

formal motion for an order regarding the challenged designation. The Information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The burden of proving that the Information is entitled to such Confidential designation shall be on the designating Party or non-party.

18. All Information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation, any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Order), it shall be the obligation of the party filing the documents with the Court to satisfy any such precondition. Where possible, only the portions of the filings containing Confidential Information shall be filed under seal. All requests to seal documents filed with the Court shall comply with Rule 8 of the Individual Practices in Civil Cases of Judge Cote, Local Civil Rule 5.2, and Section 6 of the Electronic Case Filing Rules and Instructions of the Southern District of New York.

19. When the inadvertent or mistaken disclosure of Information protected by any privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such Information shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), as appropriate. Such inadvertent or mistaken disclosure of such Information shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity provided that the producing party complied or complies with the provisions of Rule 502(b) of the

9

Federal Rules of Evidence. Nothing herein restricts the right of the receiving party to challenge the producing person's claim of privilege if appropriate after receiving notice of the inadvertent or mistaken disclosure. The disclosing Party or non-party shall retain the burden of establishing the privileged or protected nature of any inadvertently disclosed Information.

20. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving Party must, as soon as reasonably practicable, but in any event, not longer than five (5) business days after discovery of the disclosure, (a) notify in writing the designating Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the Agreement To Be Bound By Discovery Confidentiality Order (Exhibit A). In the event of unauthorized disclosure of Confidential Information, the Parties shall be entitled to seek equitable relief, including specific performance.

### V.   **Miscellaneous**

21. This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

22. This Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

23. Within sixty (60) days of the conclusion of this Action, each Party and non-party subject to the terms hereof shall be under an obligation to assemble and return to the originating source or destroy all Confidential Information and provide written confirmation to the producing

party. Any material that constitutes attorney work product, including excerpts, summaries, and digests containing Confidential Information need not be returned or destroyed. Counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a Party or non-party requests the return or destruction of Confidential Information from the Court or any appellate court after the conclusion of the Action, including the exhaustion of all appeals therefrom and all related proceedings, that Party or non-party shall file a motion seeking such relief.

24. The foregoing is without prejudice to the right of any Party to apply to the Court for any further order relating to Confidential Information; or to object to the production of documents or information; or for modification of this Order. This Order may be enforced by any party and any violation of this Order may result in the imposition of sanctions by the Court.

**SO ORDERED.**

Dated: _November 29, 2021_

_____
DENISE COTE
United States District Judge

**AGREED TO BY:**

KAPLAN FOX & KILSHEIMER LLP

Date: November 19, 2021

/s/ _Frederic S. Fox_
  Frederic S. Fox

Donald Hall
Jeffrey Campisi
Melinda Campbell
850 Third Ave., 14th Fl.
New York, NY 10022

KIRKLAND & ELLIS LLP

Date: November 19, 2021

/s/ _Kevin M. Neylan, Jr._
  Kevin M. Neylan, Jr.

Sandra C. Goldstein
Stefan Atkinson
601 Lexington Ave.
New York, NY 10022
Telephone: 212-390-4614

11

Telephone: 212-687-1980
Facsimile: 212-687-7714
FFox@kaplanfox.com

Facsimile: 212-446-4900
Kevin.Neylan@kirkland.com

12

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TEXTRON, INC. SECURITIES LITIGATION | 19-CV-7881 (DLC)<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____ (print or type name), being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____, and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understood the provisions of the Discovery Confidentiality Order annexed hereto and so Order by the Court, and I agree to be fully bound by all provisions of the Discovery Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Information disclosed to me.

    6.    I will limit the use of Confidential Information disclosed to me solely for the purpose of this Action.

    7.    No later than the conclusion of the case, I will return all Confidential Information that has come into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party for whom I was employed or retained.

8. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Discovery Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
[Name]

Sworn to before me this
____day of_____, 2021

_____
Notary Public

2