UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TEXTRON INC. SECURITIES LITIGATION | Case No.: 1:19-CV-7881-DC |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, this consolidated putative class action (the "Action") comes before the Court on Lead Plaintiff's Motion for Preliminary Approval of Settlement ("Motion") and on the Stipulation and Agreement of Settlement dated June 23, 2022 ("Stipulation") entered into by Lead Plaintiff IWA Forest Industry Pension Plan ("Lead Plaintiff"), and defendants Textron Inc. ("Textron" or the "Company"), Scott C. Donnelly, and Frank T. Connor (collectively, "Defendants" and together with Lead Plaintiff, the "Parties"), by and through their respective counsel;

WHEREAS, the Stipulation sets forth the terms and conditions for the proposed settlement of the Action, and is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"); and

WHEREAS, the Court held a hearing on July 28, 2022 to discuss Lead Plaintiffs' Motion for Preliminary Approval and is familiar with and has reviewed the record in the Action and has reviewed the Motion and the Stipulation, together with the exhibits attached thereto and incorporated by reference therein, and found good cause for entering the following Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court preliminarily certifies, solely for purposes of effectuating the Settlement, pursuant to Rule 23, a class consisting of all persons or entities who purchased or otherwise acquired Textron common stock on the NYSE or other U.S. exchanges or in a U.S. transaction between January 31, 2018 and December 6, 2018, inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Textron during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Textron's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person. Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the revised Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (iii) Settlement Fairness Hearing submitted by Lead Plaintiff on August 5, 2022 (the "Notice").

3. Pursuant to Rule 23 and for purposes of settlement only, the Court preliminarily certifies Lead Plaintiff as Class Representative for the Settlement Class and appoints Kaplan Fox & Kilsheimer LLP as Class Counsel for the Settlement Class ("Class Counsel"). Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which

may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

4. With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied. The members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable and there are questions of law and fact common to the Settlement Class which predominate over any individual questions. The claims of Lead Plaintiff are typical of the claims of the Settlement Class and Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

5. The Court preliminarily approves: (i) the Settlement of the Action as set forth in the Stipulation, including the releases contained therein, having found that the Parties have shown the Court that it will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2), and (ii) the proposed Plan of Allocation attached hereto as Exhibit A, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be

ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

6. Class Counsel is hereby authorized to retain A.B. Data, Ltd. as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures as well as the processing of claims as more fully set forth below:

a. No later than thirty (30) calendar days after entry of this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached hereto as Exhibits B and C, respectively, to be mailed by first class mail, postage prepaid, to all members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of Textron and/or its transfer agents to provide security holder lists as set forth in the Stipulation (the "Notice Date");

b. Class Counsel shall cause a summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit D, to be published once in the national edition of *Investor's Business Daily* and over the *PR Newswire* no later than ten (10) calendar days after the Notice Date;

c. Class Counsel shall serve on Defendants' Counsel and file with the Court proof by affidavit or declaration of mailing and publication not later than seven (7) calendar days before the Final Approval Hearing.

d. Class Counsel shall cause the Notice, the Summary Notice, the Plan of Allocation and the Claim Form to be placed on a website developed for the Settlement and maintained by the Claims Administrator, on or before the Notice Date.

4

7. Not later than ten (10) calendar days after the submission of the Stipulation to the Court, Defendants shall serve notice on the State and Federal officials as required by 28 U.S.C. §1715(b) ("CAFA Notice"). Not later than thirty-five (35) calendar days before the Settlement Fairness Hearing, Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

8. The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 6 of this Preliminary Approval Order meet the requirements of Rule 23, the Constitution of the United States, and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78 *et seq.*, as amended by the Private Securities Litigation Reform Act of 1995, and shall constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members.

9. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased the publicly-traded common stock of Textron on the NYSE, on other U.S. exchanges or in a U.S. transaction for the benefit of another person during the Class Period. Those brokers and other nominees are directed to either: (i) send the Notice and Claim Form to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Claim Form to such beneficial owners within ten (10) calendar days after receipt thereof.

10. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Claim Form to beneficial owners, such nominees may seek

5

reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Claim Form. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

10. Pursuant to Federal Rule of Civil Procedure 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on November 18, 2022, at 3:00 p.m., in the United States District Court for the Southern District of New York, with the Honorable Denise Cote presiding, for the following purposes:

    a. to determine whether the Court should grant final certification of the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3);

    b. to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Settlement Class and should be finally approved by the Court;

    c. to determine whether the Plan of Allocation for the Net Settlement Fund should be approved by the Court as fair and reasonable;

    d. to determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

    e. to consider Lead Counsel's application for an award of attorneys' fees and

reimbursement of Litigation Expenses;

  f. to consider Lead Plaintiff's application for reimbursement of costs and expenses in connection with its representation of the Settlement Class; and

  g. to rule on such other matters as the Court may deem appropriate.

  11. The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorneys' fees and reimbursement of Litigation Expenses, or to make such modification as may be consented to by the Parties to the Stipulation, without further notice to the Settlement Class.

  12. Any member of the Settlement Class who wishes to object to the Settlement must, at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing, file with the Court and serve on the Parties (listed below) a written statement of objection to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses in connection with the representation of the Settlement Class.

  13. Any member of the Settlement Class who timely objects to the Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, or who otherwise wishes to be heard, may appear in person or by and through an attorney, at his/her/its own expense, at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant. Such Settlement Class Member may do so provided that no person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court, unless within twenty-one (21) calendar days prior to the Settlement Fairness Hearing, such person files with the Court and serves upon counsel listed below:

(1) the name, address, and telephone number of the person objecting, signed by the objector;

(2) a statement of such person's objections to any matters before the Court concerning the Settlement and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

(3) the grounds therefore or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider;

(4) whether that person intends to present any witnesses and/or experts, the identity of any such witnesses and/or experts, and the nature of the witness and/or expert testimony; and

(5) proof of the person's membership in the Settlement Class, which proof shall include the person's purchases of Textron common stock during the Class Period and any sales thereof, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale. Such filings shall be served upon the Court and the following counsel:

| **LEAD PLAINTIFF'S COUNSEL** |
|---|
| Frederic S. Fox<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue; 14th Floor<br>New York, NY 10022<br>(212) 687-1980 |

Any person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation,

unless otherwise ordered by the Court. Any papers in response to any such objections shall be served and filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

14. Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") at least twenty-one (21) calendar days prior to the date of the Settlement Fairness Hearing. To be valid, a Request for Exclusion must state: (1) the name, address, and telephone number of the person requesting exclusion; (2) the person's purchases of Textron common stock during the Class Period and any sales thereof, including the dates, the number of shares, and price(s) paid and received for each such purchase or sale; (3) a clear and unambiguous statement that the person wishes to be excluded from the Settlement Class; and (4) must include the person's signature. No further opportunity to request exclusion will be given in this Action. Requests for Exclusion may not be submitted by e-mail, unless otherwise ordered by the Court.

15. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have timely and validly requested exclusion from the Settlement Class. The persons and entities who request exclusion from the Settlement Class will be excluded from the Settlement Class and shall have no rights under the Stipulation, shall not be entitled to submit any Claim Forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to Defendants in the Action.

16. Any Settlement Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Claim Form to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order. A Claim Form shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Claim Form. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Claim Form must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Claim Form; (2) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall, (subject to the effectuation of the Settlement reflected in the Stipulation), agree and enter into the release as provided in the Stipulation. All Settlement Class Members who do not submit a valid and timely Claim Form shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Claim Form, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as provided herein.

17. If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as

provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation and will be without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity. Each party shall be restored to their respective positions in the litigation immediately prior to the execution of the Stipulation, including restoration of the Settling Parties' respective rights to seek or to object to the certification of this litigation as a class action under Federal Rules of Civil Procedure 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation.

18. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Lead Plaintiff and all members of the Settlement Class are barred and enjoined from commencing, prosecuting, continuing, instituting, intervening in or participating in or asserting any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity),with regards to any of the Released Plaintiff's Claims against the Defendant Releasees as defined in the Stipulation.

19. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund shall be distributed pursuant to the Stipulation and further order(s) of the Court.

20. Class Counsel, or an agent thereof, is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court. The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

21. This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations, statements, and proceedings in connection therewith, shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, any Defendant, any member of the Settlement Class, or any other person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any member of the Settlement Class, or any other person, has or has not suffered any damage.

22. All motions and papers in support of the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and reimbursement of Litigation Expenses, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Settlement Fairness Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

12

23. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

**IT IS SO ORDERED.**

DATED: August 23, 2022

_____
THE HONORABLE DENISE COTE
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF NEW YORK