# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



May 7, 2008

```
————————————————————— x
JACK REYNOLDS, Individually and On    :    Civil Action No. 1:06-cv-00733-DAB
Behalf of All Others Similarly Situated,    :    (Consolidated)
                                      :
                Plaintiff,            :    CLASS ACTION
                                      :
     vs.                              :    Electronically Filed Document
                                      :
REPSOL YPF, S.A., et al.,             :
                                      :
                Defendants.           :
————————————————————— x
```

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS MATTER having come before the Court on May 7, 2008, on the motion of Lead Plaintiffs' counsel for an award of attorneys' fees and expenses incurred in the Action; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this Action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated as of June 4, 2007 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3. Counsel for the Lead Plaintiffs are entitled to a fee paid out of the common fund created for the benefit of the Settlement Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Second Circuit recognizes the propriety of the percentage-of-the-fund method when awarding fees. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

4. Lead Counsel have moved for an award of attorneys' fees of 25% of the Settlement Fund.

5. This Court adopts the percentage-of-recovery method of awarding fees in this case, and concludes that the percentage of the benefit is the proper method for awarding attorneys' fees in this case.

- 1 -

6. The Court hereby awards attorneys' fees of **25** % of the Settlement Fund, plus interest at the same rate as earned on the Settlement Fund. The presumption that a **25** % fee award is reasonable here, based on the circumstances of this case, has not been rebutted. The Court finds the fee award to be fair and reasonable. The Court further finds that a fee award of **25** % of the Settlement Fund is consistent with awards made in similar cases. *See Taft v. Ackermans*, No. 02 Civ. 7951 (PKL), 2007 U.S. Dist. LEXIS 9144, at *31-*32 (S.D.N.Y. Jan. 31, 2007). Indeed, courts throughout this Circuit regularly award fees of 25% to 30% or more of the total recovery under the percentage-of-the-recovery method.

7. Said fees shall be allocated among Plaintiffs' Counsel by Lead Counsel in a manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action.

8. The Court hereby awards expenses in an aggregate amount of $ **161,692.60**, plus interest at the same rate as earned on the Settlement Fund.

9. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set forth in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In evaluating the *Goldberger* factors, the Court finds that:

(a) Counsel for Lead Plaintiffs expended considerable effort and resources over the course of the Action researching, investigating and prosecuting Lead Plaintiffs' claims. Lead Plaintiffs' counsel have represented that they have reviewed documents, and consulted with experts in the oil and gas industry, loss causation and damages. The parties also engaged in arm's-length settlement negotiations. The services provided by Lead Plaintiffs' counsel were efficient and highly successful, resulting in an outstanding recovery for the Settlement Class without the substantial

expense, risk and delay of continued litigation. Such efficiency and effectiveness supports the requested fee percentage.

(b)     Cases brought under the federal securities laws are notably difficult and notoriously uncertain. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2006 U.S. Dist. LEXIS 17588, at *31 (S.D.N.Y. Apr. 6, 2006). "[S]ecurities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA." *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). Despite the novelty and difficulty of the issues raised, Lead Plaintiffs' counsel secured an excellent result for the Settlement Class.

(c)     The recovery obtained and the backgrounds of the lawyers involved in the lawsuit are the best evidence that the quality of Lead Plaintiffs' counsel's representation of the Settlement Class support the requested fee. Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the Private Securities Litigation Reform Act of 1995, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. Their efforts in efficiently bringing the Action to a successful conclusion against the Defendants are the best indicator of the experience and ability of the attorneys involved. In addition, Defendants were represented by highly experienced lawyers from a prominent firm. The standing of opposing counsel should be weighed in determining the fee, because such standing reflects the challenge faced by plaintiffs' attorneys. The ability of Lead Plaintiffs' counsel to obtain such a

favorable settlement for the Settlement Class in the face of such formidable opposition confirms the superior quality of their representation and the reasonableness of the fee request.

(d)     The requested fee of 25% of the settlement is within the range normally awarded in cases of this nature.

(e)     Public policy supports the requested fee, because the private attorney general role is "'vital to the continued enforcement and effectiveness of the Securities Acts.'" *Taft*, 2007 U.S. Dist. LEXIS 9144, at *33 (citation omitted).

(f)     Lead Plaintiffs' counsel's total lodestar is $842,638.50. A 25% fee represents a reasonable multiplier of 2.37. Given the public policy and judicial economy interests that support the expeditious settlement of cases, *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 373 (S.D.N.Y. 2002), the requested fee is reasonable.

10.     The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Plaintiffs' counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶5 thereof, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

SIGNED this 7th day of May , 2008.

_____
THE HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

- 4 -