# Exhibit 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re Textron Inc. Securities Litigation

CASE NO.: 1:19-CV-7881-DC

---

**DECLARATION OF MARK GUITON IN SUPPORT OF MOTION FOR FINAL**
**APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR AN**
**AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, MARK GUITON, declare as follows, pursuant to 28 U.S.C. §1746:

1.      I am the Chief Executive Officer of IWA-Forest Industry Pension Plan ("IWA"), the Lead Plaintiff and Class Representative in the above-captioned securities class action (the "Action").[1] IWA is an institutional investor that provides retirement benefits to more than 70,000 active, deferred, and retired members, and manages assets in excess of $4 billion.

2.      I respectfully submit this declaration in support of (a) approval of the proposed class action Settlement, (b) approval of the Plan of Allocation, and (c) Lead Counsel's motion for an award of attorneys' fees and expenses, which includes IWA's application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge of the matters related to IWA's application and of the other matters set forth in this declaration, as I have been directly involved in monitoring and overseeing the prosecution of the Action, and I could and would testify competently thereto.

A.  **Work Performed by IWA on Behalf of the Class**

3.      IWA understands that the PSLRA was intended to encourage institutional investors with large losses to seek to manage and direct securities fraud class actions. IWA is a large, sophisticated institutional investor that committed itself to vigorously prosecuting this litigation, through trial if necessary. In seeking appointment as a lead plaintiff in the case, IWA understood its fiduciary duties to serve the interests of the class by participating in the management and prosecution of the case.

4.      I have monitored and been engaged in all material aspects of the prosecution and resolution of this litigation. Among other things, I met with our attorneys and communicated with

---

[1] All capitalized terms used herein, unless otherwise defined, have the same meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), dated June 23, 2022.

them on a regular basis to discuss the status of the case, and counsel's strategy for the prosecution and eventual settlement of the Action. I traveled to New York City in connection with the motion for appointment as lead plaintiff and participated in the remote mediation session on March 11, 2022. Further, I reviewed pleadings, briefs, and other material documents filed throughout the case.

### B.  IWA Endorses Approval of the Settlement

5.      Based on its involvement throughout the prosecution and resolution of the Action, IWA believes that the proposed Settlement is fair, reasonable, and adequate, and in the best interest of the Settlement Class.  IWA believes that the proposed Settlement represents a substantial recovery for the Settlement Class, particularly in light of the substantial risks of continuing to litigate the Action, and it endorses approval of the Settlement by the Court.

### C.  IWA Supports Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses

6.      IWA also believes that Lead Counsel's request for an award of attorneys' fees is fair and reasonable.  IWA has evaluated Lead Counsel's fee request in light of the very substantial work performed, the risks and challenges in the litigation, as well as the favorable recovery obtained for the Settlement Class. IWA understands that Lead Counsel will also devote additional time in the future to administering the Settlement.  IWA further believes that the litigation expenses requested are reasonable, and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case.  Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Settlement Class, IWA supports Lead Counsel's motion for attorneys' fees and expenses.

7.      In addition, IWA understands that reimbursement of a lead plaintiff's reasonable costs and expenses, including lost wages, is authorized under §21D(a)(4) of the PSLRA, 15 U.S.C.

2

§78-4(a)(4).  Consequently, in connection with Lead Counsel's request for payment of litigation expenses, IWA seeks reimbursement in the amount of CDN$12,664.96, which represents the cost of the at least 112 hours that IWA devoted to the litigation from October 2019 through September 2022.

8.  I was the primary point of contact between IWA and Lead Counsel.  I regularly consulted with Lead Counsel throughout the course of the Action.  I also reviewed court filings, responded to Defendants' targeted discovery requests, and attended the November 2019 hearing on IWA's motion for appointment as lead plaintiff and the remote mediation session in March 2022. I dedicated considerable time to the Action and am seeking reimbursement for the 112 hours spent litigating this matter.  This was time that I did not spend conducting IWA's usual business. My effective hourly rate is CDN$113.08 per hour.  The total cost of my time is CDN$12,664.96.

**Conclusion**

9.  In conclusion, IWA endorses the Settlement as fair, reasonable, and adequate, and believes it represents a favorable recovery for the Settlement Class.  IWA further supports Lead Counsel's attorneys' fees and litigation expense request and believes that it represents fair and reasonable compensation for counsel in light of the extensive worked performed, the recovery obtained for the Settlement Class, and the attendant litigation risks.  Finally, IWA requests reimbursement for its costs in the amount of CDN$12,664.96.  Accordingly, IWA respectfully requests that the Court approve the motion for final approval of the proposed Settlement and Plan of Allocation and the motion for an award of attorneys' fees and expenses and award to Lead Plaintiffs.

3

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct, and that I have the authority to execute this Declaration on behalf of

IWA.

Executed this 13th day of October, 2022 at Burnaby, British Columbia, Canada.

_____

Mark Guiton
Chief Executive Officer
IWA-Forest Industry Pension Plan

4