**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Textron Inc. Securities Litigation | CASE NO.: 1:19-CV-7881-DC |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**(1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S**
**MOTION FOR AN AWARD OF ATTORNEYS' FEES AND**
**REIMBURSEMENT OF LITIGATION EXPENSES**

## TABLE OF CONTENTS

**Page(s)**

Table Of Authorities ..................................................................................................................... ii

1.    The Reaction of the Settlement Class ................................................................................. 1

2.    Argument ............................................................................................................................ 2

      a.    The Reaction of the Settlement Class Strongly Supports Final Approval of
the Settlement and Plan of Allocation .................................................................... 2

      b.    The Reaction of the Settlement Class Strongly Supports Awarding the
Requested Attorneys' Fees and Litigation Expenses ............................................. 3

3.    Conclusion ......................................................................................................................... 3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am Int'l Grp. Inc. Sec. Litig.*,
No. 04 Civ. 8141(DAB), 2010 WL 5060697 (S.D.N.Y. Dec. 2, 2010), *aff'd*,
452 F. App'x. 75 (2d Cir. 2012) ................................................................................... 3

*In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*,
909 F. Supp. 2d 259 (S.D.N.Y. 2012).................................................................... 2, 3

*In re EVCI Career Colls. Holdings Corp. Sec. Litig.*,
No. 05 Civ. 10240 (CM), 2007 WL 2230177 (S.D.N.Y. July 27, 2007)................... 2

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018) *aff'd*, *In re Facebook Inc.*,
822 F. App'x 40 (2d Cir. 2020) ................................................................................. 2

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
No. 02-CV-3400 (CM), 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010)...................... 3

*In re Veeco Instruments Inc. Sec. Litig.*,
No. 05 MDL 01695 (CM), 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) .............. 2, 3

*Vaccaro v. New Source Energy Partners L.P.*,
No. 15 CV 8954 (KMW), 2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017)................. 3

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005)........................................................................................ 2

Pursuant to the Court's August 23, 2022 Order preliminarily approving the settlement of the above-captioned litigation (the "Preliminary Approval Order") (ECF No. 79), and as a supplement to the final approval filings submitted by Lead Plaintiff and Lead Counsel on October 14, 2022 (ECF Nos. 81-84), Lead Plaintiff and Lead Counsel respectfully submit that the favorable reaction by the Settlement Class as described below further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and supports Lead Counsel's request for attorneys' fees and payment of litigation expenses, including the expenses of Lead Plaintiff. Attached hereto as Exhibit A is a revised [Proposed] Final Judgment and Order of Dismissal with Prejudice reflecting the requests for exclusion received, as noted below, that Lead Plaintiff respectfully requests the Court enter.

### 1.    The Reaction of the Settlement Class

As described in Lead Plaintiff's previous filings, a total of 92,940 Notice Packets were mailed by the Claims Administrator as of October 13, 2022. *See* Fox Decl. ¶ 44 (ECF No. 84). The deadline for submitting requests for exclusion or objections to the Settlement, Plan of Allocation, and Lead Counsel's fee and expense request was October 28, 2022. *Id*. ¶ 47. To date, only ***three (3) requests for exclusion and zero (0) objections*** have been received, as set forth in the accompanying Supplemental Declaration of Adam D. Walter Regarding Report on Objections and Requests for Exclusion Received ("Supp. Mailing Decl."), at ¶¶ 3-4. With respect to the requests for exclusion, one indicates that zero shares of Textron stock were purchased or sold and the other two did not provide the necessary share information. *See* Ex. A to the Supp. Mailing Decl. Thus, it is unclear whether any of the requests for exclusion are from actual Settlement Class Members.

1

2.    **Argument**

a.    **The Reaction of the Settlement Class Strongly Supports Final Approval of the Settlement and Plan of Allocation**

This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("*Visa*"); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) *aff'd, In re Facebook Inc.*, 822 F. App'x 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.") (citation omitted). As the Second Circuit reasoned in *Visa*, "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" 396 F.3d at 118 (citation omitted); *see also In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (the fact that "just two objections" to the settlement were made weighs strongly in favor of approval). The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved") (citation omitted); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members . . . supports approval of the Plan of Allocation").

Similarly, the paucity of requests for exclusion—even assuming the three requests are valid, which is unclear—reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g.*, *Bear Stearns*, 909 F. Supp. 2d at 266-67 (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am Int'l Grp. Inc. Sec. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at \*2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid").

### b. The Reaction of the Settlement Class Strongly Supports Awarding the Requested Attorneys' Fees and Litigation Expenses

Additionally, Lead Counsel respectfully submits that the absence of *any objections* to the requested fee or expense award weighs strongly in favor of approval. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at \*8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.") (citation omitted); *Veeco,* 2007 WL 4115808, at \*10 (reaction of class members to fee and expense requests "'is entitled to great weight by the Court'" and absence of any objections "suggests that [a] fee request is fair and reasonable") (citation omitted); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM), 2010 WL 4537550, at \*29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval).

### 3. Conclusion

The absence of any objections and receipt of only three (3) requests for exclusion demonstrates the Class's overwhelming support for the Settlement, the Plan of Allocation, and the application for an award of attorneys' fees and reimbursement of litigation expenses. For these

reasons and as set forth in the previously submitted memoranda, Lead Plaintiff and Lead Counsel respectfully submit that the Settlement represents an excellent result for the Class, that the proposed Plan of Allocation of Settlement proceeds is a fair and equitable method for distributing the Net Settlement Fund, and that the requested attorneys' fees and litigation expenses, including Lead Plaintiff's expenses, are reasonable and should be awarded.

Dated: November 11, 2022

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By: */s/ Frederic S. Fox*
    Frederic S. Fox
    Donald R. Hall
    Melinda Campbell
    850 Third Avenue, 14th Floor
    New York, NY 10022
    Telephone: (212) 687-1980
    Facsimile: (212) 687-7714

    *Lead Counsel for Lead Plaintiff and the Class*