UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Textron Inc. Securities Litigation | CASE NO.: 1:19-CV-7881-DC |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS this matter came before the Court on the application of Lead Plaintiff for approval of the Settlement set forth in the Stipulation and Agreement of Settlement between the Parties dated June 23, 2022 ("Stipulation");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated August 23, 2022 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members the opportunity to opt out of the Settlement Class or object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS due and adequate notice of the Settlement was provided to the Settlement Class;

WHEREAS, the Court conducted a hearing on November 18, 2022 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and in the best interests of Lead Plaintiff and the other Settlement Class Members, and should therefore be approved; (b) whether the Settlement

Class should be certified, and Lead Plaintiff and Lead Counsel appointed as Settlement Class Representative and Class Counsel, respectively; and (c) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action, all matters relating to the Settlement, and over all Parties to the Action, including all Settlement Class Members.

2. **Final Approval of Class Notice and Class Certification**. The Court hereby finds that the distribution of the Notice to all Settlement Class Members who could be identified through reasonable effort, and the publication of the Summary Notice as provided for in the Preliminarily Approval Order constituted the best notice practicable under the circumstances of the matters set forth therein, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States (including the requirements of due process), the Securities Exchange Act of 1934, 15 U.S.C. §§ 78 *et seq.*, as amended by the Private Securities Litigation Reform Act of 1995, and any other applicable law.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby grants final certification of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired Textron common stock on the NYSE or other U.S. exchanges or in a U.S. transaction between January 31, 2018 and December 6, 2018, inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who

is an individual; (iii) any person who was an officer or director of Textron during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Textron's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person. The Court finds that there were no valid requests for exclusion from Settlement Class Members. *Specifically, Keech, Ilowiecki, and Scippa did not file valid exclusion requests.* DLC

4. With respect to the Settlement Class, the Court finds that, for purposes of effectuating the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied. The members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable and there are questions of law and fact common to the Settlement Class which predominate over any individual questions. The claims of Lead Plaintiff are typical of the claims of the Settlement Class and Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all Settlement Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiff IWA Forest Industry Pension Plan is certified as Settlement Class Representative and Lead Counsel Kaplan Fox & Kilsheimer LLP is appointed as Class Counsel.

3

6. **Final Approval of Settlement and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, adequate to, and in the best interests of Lead Plaintiff, the Settlement Class, and each of the Settlement Class Members having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposal treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

7. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Releasees. Lead Plaintiff and the Settlement Class will not make applications against any Defendants or other Defendant Releasees and Defendants will not make applications against Lead Plaintiff, the Settlement Class, and the other Plaintiff Releasees for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action. The Parties are to bear their own costs, except as provided in the Settlement and herein.

Case 1:19-cv-07881-DLC Document 90-2 Filed 11/18/22 Page 5 of 10

8. Neither the Plan of Allocation submitted by Lead Plaintiff nor any portion of this Order regarding the Plan of Allocation or the application for attorneys' fees and Litigation Expense reimbursement shall in any way disturb or affect the finality of any other portion of this Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Judgment.

9. **Binding Effect**. The terms of the Stipulation and of this Judgment shall be forever binding on the Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

10. **Releases**. The releases as set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraphs 11 and 12 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Plaintiff's Claim against the Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative

Case 1:19-cv-07881-DLC   Document 90-2   Filed 11/18/22   Page 6 of 10

capacity, derivatively, or in any other capacity), that asserts any or all of the Released Plaintiff's Claims against any of the Defendant Releasees.

(b) Without further action by anyone, and subject to paragraphs 11 and 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claims against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall release any of the claims expressly excluded from the definition of Released Plaintiffs' Claims at paragraph 1(ii) of the Stipulation.

13. **No Admissions**. Neither the Stipulation, including the exhibits thereto and the Plan of Allocation (or any other plan of allocation that may be approved by the Court) and Settlement contained therein, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of

the Defendant Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (ii) offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any Defendant that any damages were suffered by Lead Plaintiff or the Settlement Class, or anyone else; (iii) offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant; (iv) offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provision of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Parties may refer to it to effectuate the releases granted to them hereunder; or (v) construed against Defendants, Lead Plaintiff or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

        (b)    shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees

7

had meritorious defenses, that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

14. Any Released Person may file the Stipulation and/or the Order and Final Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

15. **Plan of Allocation**. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Settlement Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Plan of Allocation posted on the Settlement website, provides a fair and reasonable basis upon which to allocate among Settlement Class Members the proceeds of the Settlement Fund established by the Stipulation, with due

consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation submitted by Lead Plaintiff is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

16. After completion of the processing of all claims by the Claims Administrator, the Escrow Agent shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation.

17. **Attorneys' Fees and Litigation Expenses**. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them: (a) that Lead Counsel would seek an award of attorneys' fees of up to 25% of the Settlement Fund and reimbursement of Litigation Expenses incurred in connection with the prosecution of the Action not to exceed $125,000; and (b) that Settlement Class Members had a right to object to such application(s). A full and fair opportunity was given to all persons who are Settlement Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that a fee award of $1,000,000.00 is reasonable and awards such attorneys' fees, plus reimbursement of Litigation Expenses totaling $82,790.80. This amount is to be paid from the Settlement Fund pursuant to the terms of the Stipulation. ~~The Court additionally finds and concludes that the Lead Plaintiff's request for reimbursement of costs and expenses directly related to its representation of the Settlement Class is reasonable, and awards Lead Plaintiff $9,233.48.~~

18. **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees,

9

Litigation Expenses, and interest in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Stipulation and this Judgment.

19. **Rule 11 Findings**. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. **Termination**. If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

21. **Extensions By Agreement**. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. **Entry of Final Judgment and Dismissal**. The Court hereby dismisses with prejudice this Action in its entirety and all Released Claims against each and all Released Persons without costs as to any of the Settling Parties as against the others. ~~As there is no just reason for delay in the entry of this Judgment, immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.~~

**IT IS SO ORDERED**.

DATED:

November 21, 2022

_____
THE HONORABLE DENISE COTE
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF NEW YORK